Good afternoon. May it please the Court, I'm Sy Smith for the Appellant, so I'm going to strive to reserve two and a half minutes for rebuttal. If Rule 60b-6 is to be treated as a grand reservoir of equitable power, which is the way that Judge Reinhart described it in Fels v. Alameda, then it has to be applied in a way that seeks substantial justice and fundamental fairness and not in a way, as the District Court did here, to create, in a forfeiture of all rights for all time to get review on the merits in this Court. That's what we think happened. I want to start with the two, of the two plaintiffs, what we think is the more glaring of the two errors, and that has to do with Ms. Henson. There were, of course, two separate plaintiffs before the lower court. They had two distinct sets of claims. The District Court recognized their distinctness because he granted a motion to dismiss some of Mr. Turner's claims. And precisely because Ms. Henson's claims had already been dismissed involuntarily and by the Court, she plainly had a right of appeal. That's because, unlike the issue of a class certification appeal that was ultimately addressed in Microsoft v. Baker, it has always been the rule in every circuit that you can get to a final judgment and an appeal by dismissing all of the remaining claims in the case. That's true in all circuits at all times. And that was raised explicitly in the Rule 60b motion in front of the District Court. It could not have been clearer. But when it came time to deciding the Rule 60 motion with respect to Ms. Henson, the District Court simply failed to address her claim with any particularity. You can look all day long at the order. It's the first page of the record extracts. You won't find a discussion of her circumstances, and you won't find an exercise of discretion as to her claims. And we think a fair inference is that the District Court simply didn't even notice the distinction between the two sets of claims or somehow overlooked it, which by definition would be an abuse of discretion. And we think that she is entitled to a reversal and to the entry of a new judgment from which she can note an initial appeal on the merits. It would be her third trip to this Court, but the first time that she would be able to actually do it on the merits. With respect to the second plaintiff, Mr. Turner, it is a somewhat more complex analysis going through the Rule 60b factors that are in Phelps v. Alameda, but we think that it's fairly clear that there was an abuse of discretion. Of those six factors, the District Court found three against the plaintiffs, against Mr. Henson. The first one was factor number three, and the question is, would upsetting the judgment cause unfair prejudice to the party's judgment? The second one, which was decided incorrectly against us, is that the whole point of the stipulation that the parties had entered into was with a view to potentially having further litigation if the parties were to achieve victory in the Ninth Circuit. It expressly contemplated the idea that there would be further litigation in that event, and therefore it was error to say yes. It explicitly said that they weren't agreeing that there was appellate jurisdiction. There was a reservation of rights. That premise even existed. I'm sorry? They weren't agreeing that you would ever get to that point. But it was a potential outcome from the stipulation. The fact that there was a reservation of rights doesn't change the fact that if Microsoft v. Baker had not been decided in the way that it was, it would have come back. I'm wondering, what I've been really curious about here is just what Microsoft was actually holding. It was holding that there was no final judicial decision for purposes of Rule 4, right? Yes. Now, does that mean that there is or isn't a final judgment? In other words, it seems very peculiar to me to think that there is no final decision for purposes of Rule 4, but nonetheless a binding final judgment rather than simply the case is still there in the district court. I think that it is confusing, and it's almost a question of quantum physics. But I guess the point that we would make is because Rule 60 is all about equity. The question is what is – I'm asking you why you even needed a Rule 60. Why couldn't you just go back to the district court and say, okay, here we are. The case is still here, and it was never final. There was never a final judgment. Well, absolutely. That's my point as to Ms. Henson, that she should absolutely be able to proceed. All of her claims have been dismissed. There was a stipulation dismissing all of the other claims. Therefore, she has a final judgment. But why isn't it also true to the other plaintiff? Because he – you know, even more so, his claim wasn't dismissed, so it's still there. Your Honor, I'm perfectly happy with a remand with – I really don't understand what – I mean, Microsoft doesn't seem to grapple with this, but it also doesn't say, okay, the case is over, which it could have said. That's correct, and it's also notable that the remand orders denied the motion to dismiss the appeals for lack of jurisdiction. And it said go back and seek appropriate relief from the district court in the first instance. It didn't say go back and it's the end of the story. It's a dead letter because you're going to lose because we're going to enforce the stipulation in a way that the parties never anticipated for and never bargained for. So however we get there, and I think the way that you've just described it is a perfectly acceptable one, we think that there has to be a reversal on that. There is a second factor that the district court decided against us, and that was this question of whether the legal principle was settled law. And the parties were relying on a case which is cited in our Rule 28J letter inside of the case called Torrent v. Yacoult. The case is called Conca v. London. It goes back to 1995. So there was a roughly 20-year-old precedent that the parties were relying on when they entered into the stipulation. And in that context, it's very hard to improve on then-Judge Scalia's description of the matter in United States v. Foster, which says that when you have settled law in your circuit, no matter how infirm or unwise it might appear to be, you have a right to rely on that. And we're never going to criticize you and say that you should have anticipated that something would have happened to that. The only answer that the defense – excuse me, the defendants have to that is to say that United States v. Foster is not a Rule 60B decision. And they're right. It's a reliance decision. It tells you when and under what circumstances you can rely on settled law in your circuit. The last factor that the district court decided against us was the – on the idea of comity. That's Factor No. 6 under Phelps v. Alameda. And there's all different types of comity. I think it does because of the remand order. In the context of Phelps, it was about state v. federal comity. That's where comity usually works. There is no state v. federal here. There is no federalism problem. Well, it's not a federalism issue. But if you look at the Ninth Circuit's decision in Microsoft v. Baker, they actually found a comity or comity issue in looking at the actions of coordinate federal district courts who had successive class cert decisions. And my point there is there's all different types of comity. And that's the explicit holding of this court in Microsoft v. Baker. It was not disturbed by the Supreme Court. And our further point is that one idea of that, one form of that, is to talk about the unflagging obligation of a federal district court to respond to this court's remand orders and instructions. That's just a play on words. That's not what anybody usually means by that. Okay. That's fine. In this context, it means something. In this context, it means basically nothing. Okay. Well, let me talk about the last factor that the district court decided. It called it neutral. And that's the issue of due diligence. It's factor or diligence, rather, factor number two. The Phelps decision says that a delay of nine months or four months in filing your motion to upset the judgment is considered to be very brief. Here there was no more than a one month or a little over a month that passed between when the mandate issued from the Ninth Circuit and the filing of the 60B motion. But the district court found that we hadn't been diligent enough because we should have filed other motions, a Rule 23F motion, a motion for reconsideration as to Class Cert. Those had nothing to do with the change in the law here. They had nothing to do with due diligence when the law changed. And it's the idea of due diligence is not an invitation to the district court to go find other unrelated facts in the case and hold them against one party or the other. Plainly, the plaintiffs in this case were diligent. They should not have been penalized for that. So, again, in the case of Mr. Turner, however you get there, there should be a reversal and an instruction to allow him to proceed and to hear the motion, the renewed motion for Class Cert based on new evidence not previously available that the district court denied as moot because it erroneously denied the Rule 60B motion. Let's hear from the other side, and you've got about a minute. Thank you. Good afternoon, Your Honors, and may it please the Court. Michael Gleason on behalf of Apelli Fidelity National Financial, Inc. The district court did not abuse its discretion in denying plaintiff's motion. There are no extraordinary circumstances. Let's start with the easiest case for the other side, and that's Henson. How do you respond to that? That strikes me as wrong. Ms. Henson signed the same stipulation to dismiss her claims with prejudice. She dismissed her case. She didn't dismiss the remainder of the claim. In the stipulation, she dismisses her case with prejudice, subject to the same appellate jurisdiction challenge raised by Fidelity. Neither plaintiff, Turner or Ms. Henson, intended to pursue their individual claims. And she was relying on existing Ninth Circuit authority, which has now at least been modified in Microsoft, and you're saying that she was not entitled to do that, and she's lost the appeal that she otherwise was perfectly entitled to have. Based on the stipulation, correct, Your Honor. It was a change in law. There is no appellate jurisdiction, and Fidelity was fair and up front about that, saying, Plaintiffs, you can dismiss your case if you would like, but we will challenge the basis for appellate jurisdiction up front. And if Microsoft hadn't been decided, I think your challenge would have been bad. Well, if Microsoft wasn't decided, then Fidelity would have taken it up. In that situation, then that law would apply in this case as well. The fact that Microsoft went up before Fidelity took the chance doesn't change the analysis. Ms. Henson, also in her brief, you'd have to assume that Mr. Turner was going to abandon his viable individual claim that was not dismissed for the sake of sacrificing to say, if I don't have my individual claim, or if I don't have a class claim, then I'm not going to pursue an individual claim. You know, we can have a lot of sort of technical fancy talk about various aspects of Rule 60 and so on, but there seems to me just a fundamental fairness thing going on. They relied on existing Ninth Circuit case law to set up the appeal. That law turned out to be wrong, and now they want to go back under what the now law is to do it again. I see nothing wrong with that. What's wrong with that? Well, what's wrong with that is under Rule 60b-6, there's only extraordinary circumstances beyond plaintiff's control that warrant relief. Fidelity relied. It's not an extraordinary circumstance for the Ninth Circuit rule to be reversed. No. The case law states that the Supreme Court resolving a circuit split is not an extraordinary circumstance. What's unusual here, however you take what I said before, is that the issue pertains precisely to the finality and to the appealability of this case. It's not that they're trying to substantively reach back. It's in many of these cases where the case is over, and now there's a new substantive rule, and they want a different rule. First of all, the case wasn't over. It was still pending. Second of all, it was at least a confusing procedural ruling in Microsoft, it seems to me, which said that it wasn't final for purposes of appeal. If it's not final for purposes of appeal, one would think it's not final, and therefore it's still there. This is just kind of a technical cleanup to make that happen. It seems to me it is extraordinary in those respects, unusual. Well, I understand your point, and on the point about whether it's final for appeal and final for the purposes of the district court, that issue was not raised in the lower court, but you are correct. There are some scholarly articles about the majority in Microsoft saying it's not final order for purposes of appeal, whereas the concurring opinion stated, well, we believe that it's... You were saying the whole thing's moot. You're going to be bound by this, by the dismissal. But the majority did not say that. And I can't quite wrap my head around something that it's not final for purposes of appeal, but it's still final. Understood. And I would say that a stipulated voluntarily dismissal with prejudice that doesn't adequately preserve the right to appeal doesn't preserve the right to appeal, but it does end the case because that is what was stipulated. And Fidelity had a right to rely on the finality of plaintiff's decision. They did not raise the... I knew for sure that their position was whether or not they had a right to appeal, that they had the right to go back and revive the case. That was explicit in the provision, and that wasn't reserved. You reserved the right to contest the appeal, but you didn't reserve the right to contest whether they could, if it failed, go back and revive the case. I believe we did, Your Honor. If a plaintiff is convicted of a dismissal with prejudice, no further language is necessary, particularly when we point out that the lack of appellate jurisdiction will exist. If plaintiff wanted a reason to revive the case outside the circumstances of a dismissal with prejudice, it would be on them. How many have heard a sentence in which there is a dismissal that is binding, but you can't appeal it? When that is what is stipulated. A stipulated dismissal with prejudice that does not adequately preserve appellate jurisdiction ends the case, but takes away appellate jurisdiction. This is raised in all those 66 cases that state a change in law under correct circumstances can give you relief from judgment, but the Supreme Court resolving a circuit split is not one of those instances, and I would say particularly here, where we pointed out the possibility. I'm sorry. That point is unresponsive to my question about how you can have a dismissal that is not appealable, but nonetheless binding. In, I believe, a stipulated dismissal. You could stipulate to that as a settlement, but that's not what happened here. They didn't stipulate that it would be. I understand that you reserved your right with regard to the appellate jurisdiction, but you didn't reserve any right with regard to whether the case was then 100 percent over. Well, I believe we did by saying that we challenge appellate jurisdiction. Otherwise, we would have opposed their motion to voluntarily dismiss. This case has been going on since 2012 at great expense to fidelity, and if plaintiffs wanted to dismiss under a circuit split, we were not going to stop them. If they were going to challenge our reservation of rights, we would have opposed their motion to dismiss. The original case was filed in 2012 with Ms. Bergman. Fidelity defeated her on summary judgment. And on that, the case could have gone on. Maybe as a practical matter, it wouldn't have because there was no class, but it could have. If we would have opposed their motion to dismiss. They didn't stipulate. If there was no stipulation. Correct. The case wasn't going to get done any faster. Correct. And if we would have successfully opposed their motion to dismiss, we would have been litigating Mr. Turner's individual claim, which is vastly different than going back and starting the whole class action procedure over again on a national class action. And you would have had an appeal after that. That's the whole point of Microsoft. Well, when you're litigating one individual claim, it's vastly different expense-wise from litigating a national class action. The same appeal that they had. I mean, one wonders why they even bothered with this. Because if it would have gotten dismissed, they would have had the same appeal that they had on the class. After an individual litigation. Correct. But class discovery. That wasn't going to speed anything up. Well, it would have made the litigation of whether the merits were there a lot simpler at the trial court. I mean, they wanted class discovery. I mean, you're correct. Why would they dismiss if it made no difference, if they could just litigate the individual claim? But we're dealing with a national class action dating back to transactions back to 1999 with seven different escrow companies. Litigating one individual claim and waiting on class certification would be vastly different than allowing the class certification claim to proceed to trial. In regards to, at the Rule 60B6 stage down in the district court, Ms. Henson provided no other basis than the change in law in Microsoft. So the district court did not abuse its discretion in addressing Mr. Turner and Ms. Henson under the same change in law analysis. And finding that Fidelity had a right to rely on the finality of the decision because that's exactly what was stipulated. It was a dismissal with prejudice, challenging appellate jurisdiction. There was no other way to revive the case unless it was sent back down, which if class certification was reversed under the existing Berger case, and that did not happen. Otherwise, it's just a dismissal with prejudice with no appellate jurisdiction. I'm happy to answer any other questions you have. I think we're okay. Thank you. Thank you. And you've saved about a minute. Pardon me? You have saved about a minute. Thank you. So, very briefly, let me just address Mr. Gleason's contention that Ms. Henson stipulated to the end of the appeal. You can look at that stipulation. That's not what it says. Fidelity, if it really meant what we just heard, could have bargained for a provision. We never would have accepted it that said that unless there was – if there was simply a lack of reversal as opposed to an affirmance that the case would be over forever and ever, that's not what the stipulation says, and we can't be held to a deal that we never entered into. And we know that there was – My understanding is that's what a voluntary dismissal with prejudice is. I'm sorry? His contention is that that's what a voluntary dismissal with prejudice is. But that's – he is spelling out a consequence which is not there on the face of the stipulation. It was carefully bargained for. There's all kinds of consideration going back and forth in the stipulation. And so to read it against us in this horribly unfair way, it creates a complete forfeiture. That's not what Rule 60 or the whole idea of appellate jurisdiction is supposed to lead to. The other thing I would say is that if you want to go the Rule 60 route, torrent, which is the Rule 28J case that we cite to you, admittedly is an unpublished disposition. But there's only about a dozen of these cases. There's only about a dozen of these cases in the Ninth Circuit after Microsoft v. Baker. So I would argue that it's akin to law of the case. You know both ways, right? I'm sorry? You know both ways? There's – I just record opinions going both ways. I don't know – There's another case called Saavedra that goes against us, but that case is actually on appeal to the Ninth Circuit. And that's a case where unlike Fidelity, the defendants actually objected to the dismissal. So it was a contested motion. They're in a much better position to make the argument than Fidelity is today. And it's also a problem because the district court in that case didn't even follow Phelps v. Alameda. So from the standpoint of fundamental fairness, we think both of the plaintiffs are entitled to relief as we've outlined. Thank you. Thank you. Thank you. Thank you both sides. Henson v. Fidelity and National submitted for decision.
judges: Tashima, W. Fletcher, Berzon